CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 25 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEON MCNEAL HICKS, | ) |
| Petitioner, | ) Civil Action No. 7:08-cv-00271 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| GENE M. JOHNSON, | ) By: Samuel G. Wilson |
| Respondent. | ) United States District Judge |

Petitioner, Leon McNeal Hicks, brings this habeas petition pursuant to 28 U.S.C. § 2254, challenging his convictions in the Circuit Court of Russell County for statutory burglary and grand larceny. In his habeas petition, Hicks argues that his plea was not knowing or voluntary and that counsel provided ineffective assistance. This matter is before the court on respondent's motion to dismiss. The court finds that Hicks' petition is untimely and that he has not demonstrated grounds for equitable tolling. Therefore, the court grants respondent's motion to dismiss.

I.

On April 15, 2005, after pleading guilty to statutory burglary and grand larceny in the Circuit Court of Russell County, the court sentenced Hicks to 15 years incarceration on each conviction, to run concurrently. Hicks did not appeal. On July 12, 2006, Hicks filed a state habeas petition in the Circuit Court of Russell County, claiming that his plea was not knowing and voluntary based on his mental incompetence and that counsel provided ineffective assistance in failing to investigate his mental capacity. The circuit court denied and dismissed his habeas petition, finding that his claim concerning his plea was defaulted pursuant to Slayton v. Parrigan, 205 S.E.2d 680, 682 (1974) and nevertheless failed on the merits, and that his ineffective assistance of counsel claim lacked merit under Strickland v. Washington, 466 U.S. 668 (1984). Hicks appealed to the Supreme Court of Virginia, which dismissed in part, and refused in part, his petition on September 20, 2007. By order

entered November 8, 2007, the Supreme Court of Virginia denied Hicks' petition for rehearing. Hicks filed his federal habeas petition on April 1, 2008.[1]

## II.

A one-year statute of limitation applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d).[2] Hicks did not meet this one-year statute of limitation. Hicks had 365 days from May 16, 2005, the date on which his conviction became final, to file his federal habeas petition. Hicks did not meet this May 15, 2006 deadline; in fact, by that date, Hicks had yet to file his state habeas petition.[3] Accordingly, Hicks' petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute

---

[1] Although his petition is notarized on March 11, 2008, he submitted a cover letter with his petition to the court which is dated April 1, 2008. Therefore, the court finds that he could not have given his petition to jail authorities to be mailed until April 1, 2008 at the earliest.

[2] Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D). Here, Hicks has alleged nothing to support the application of § 2244(d)(1)(B - D). Under § 2244(d)(1)(A), Hicks' conviction became final on May 16, 2005, when his time to file a direct appeal expired.

[3] Hicks' one-year clock had already run by the time he filed his state habeas petition; therefore, his state petition afforded Hicks no tolling under § 2244(d)(2).

2

of limitation.[4]

With regard to timeliness, Hicks argues that the statute of limitation should be equitably tolled in his case because from January 25, 2005 through April 9, 2005, he was housed at the Russell County Jail with no law library; from April 9, 2005 through June 2005, he was housed at the Washington County Regional Jail with no law library; from June 2005 though December 2005, he was housed at Mecklenberg Correctional Center without access to his files and paperwork; from December 2005 through February 2006, he was housed at Dillwyn Correctional Center where he had his paperwork; and that after February 2006, he was housed at Pulaski Correctional Center where he had his paperwork and help from a law librarian. However, Hicks' bare allegations that he was denied access to adequate legal resources during certain period of his incarceration are not sufficient, standing alone, to entitle him to equitable tolling. Cannon v. Bazzle, No. 9:05-0753, 2005 U.S. Dist. LEXIS 44298 (D.S.C. Sept. 30, 2005). Instead, a petitioner must present evidence regarding the steps he took to diligently pursue his remedies during the time that he was allegedly deprived of access to legal materials. Id. (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998); Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where petitioner alleged lack of legal knowledge and legal resources), cert. denied, 540 U.S. 971 (2003); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2002) (as amended) (recognizing that the lack of access to library

---

[4] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D). A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998)).

3

material does not automatically qualify as grounds for equitable tolling), cert. denied, 535 U.S. 1055 (2002)); Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998) (holding that, for equitable tolling to apply, petitioner must show that he exercised reasonable diligence in bringing or investigating the claims). Despite being given the opportunity to amend his petition, Hicks has not demonstrated that he diligently pursued his claims. Hicks also claims that he has "severe mental limitation," that he is "iliterate," that he is "borderline mentally retarded," and that he suffers from dysthymia, which he defines as a "morbid anxiety and depression accompanied by obsession." However, Hicks does not explain how these alleged mental limitations prevented him from filing a timely § 2254 petition.[5] Accordingly, the court finds that Hicks has not demonstrated any grounds for to equitable tolling, and therefore, his petition is untimely filed.

## III.

For the foregoing reasons, the court grants the respondent's motion to dismiss and dismisses Hicks' § 2254 petition.

**ENTER**: This 24th day of February, 2009.

United States District Judge

---

[5] Indeed, despite these alleged mental limitations, Hicks has filed a state habeas petition, appealed the denial of his state habeas petition, and now filed his federal habeas petition.

4